IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROSANNA LYNN MILLER,** :
    on behalf of Clair Ray Miller,
                                       :    Civil Action 2:15-cv-2755
           **Petitioner,**
                                       :    Judge James L. Graham
  v.
                                       :    Magistrate Judge Elizabeth P. Deavers
**JUDGE STEPHEN RUYLE,**
                                       :
           **Respondent.**

## REPORT AND RECOMMENDATION

On August 26, 2015, Rossana Lynn Miller filed a document captioned "Emergency Petition for the Great Writ of Habeas Corpus."  (ECF No. 1.)  Ms. Miller purports to bring this lawsuit "on behalf of Clair Miller," who is her father and who, according to Ms. Miller, is being illegally detained against his will at an assisted living facility.  This matter is before the Court pursuant to its own motion under Rule 4 of the Rules Governing Section 2254 (habeas corpus) Cases in the United States District Courts ("Rule 4").  For the following reasons, the Undersigned **RECOMMENDS** that the Court **DISMISS** the Petition **WITHOUT PREJUDICE** on the grounds that Ms. Miller is not an attorney at law.

A non-attorney may not pursue a legal action on behalf of another in federal court.  *See* 28 U.S.C. § 1654.  Section 1654 of the United States Code provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  (*Id*.)  The United States Court of Appeals for the Sixth Circuit has made clear that this provision "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake."  *Shepher v.*

*Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).  Consistently, Federal Rule of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in that attorney's name—or by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a).  Thus, dismissal without prejudice is appropriate where a plaintiff is not conducting his or her own case personally or through counsel.  *See*, *e.g.*, *Cochran v. Nelson*, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. 1994) (affirming district court's dismissal of the action without prejudice where the plaintiff's father, a non-attorney, attempted to represent his son).

Applying the foregoing here, the Undersigned must recommend that the Court dismiss this action without prejudice.  As a non-attorney, Ms. Miller is not authorized by statute, rule, or case law to represent the interests of the true Petitioner, Clair Miller.

Accordingly, it is **RECOMMENDED** that the Court **DISMISS** the Petition **WITHOUT PREJUDICE** pursuant to Rule 4.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**DATE:  August 26, 2015**          /s/  *Elizabeth A. Preston Deavers*
                                    **ELIZABETH PRESTON DEAVERS**
                                    **UNITED STATES MAGISTRATE JUDGE**