IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Rosanna Lynn Miller, on
behalf of Clair Ray Miller,

      Petitioner,

      v.                      Case No. 2:15-cv-2755

Judge Stephen Ruyle,
et al.,

      Respondents.


ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 filed by petitioner Rosanna Lynn Miller pro se on behalf of her father, Clair Ray Miller. Petitioner alleges that Mr. Miller is being illegally detained against his will at an assisted living facility. This matter is before the court on the August 26, 2015, report and recommendation of the magistrate judge, who reviewed this case pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and recommended that this action be dismissed without prejudice on the ground that petitioner is not an attorney. On September 14, 2015, petitioner filed an objection to the report and recommendation, and on September 15, 2015, petitioner filed an amended petition.

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

The magistrate judge correctly noted that 28 U.S.C. §1654 "does not permit plaintiffs to appear pro se where interests other than their own are at stake." Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir. 2002); see also Fed. R. Civ. P. 11(a); Cochran v. Nelson, No. 93-3521, 1994 WL 28648 at *3 (6th Cir. 1994). Plaintiff's objection sets forth her past experiences with various counsel in litigating the matter of her father's placement in an assisted living facility. However, these circumstances do not excuse the lack of counsel in the instant case. The court also notes that the amended petition filed on September 15, 2015, like the original petition, seeks to litigate the rights of Clair Miller. Because no attorney has entered an appearance in this case on behalf of Mr. Miller, the court agrees with the magistrate judge's recommendation that this action must be dismissed.

The court hereby denies plaintiff's objection (Doc. 5) and adopts and affirms the report and recommendation (Doc. 3). Pursuant to Rule 4, this action is dismissed without prejudice on the ground that petitioner is not an attorney at law authorized by statute, rule, or case law to represent the interests of Clair Miller.

Date: September 30, 2015      <u>    s/James L. Graham    </u>
                     James L. Graham
                     United States District Judge